UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 13-80143-CR-RYSKAMP/HOPKINS

Case No. _____

18 U.S.C. § 371
18 U.S.C. § 641
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 510(a)(1)
18 U.S.C. § 287
18 U.S.C. § 981



FILED by KZ D.C.
ELECTRONIC

Jul 9, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES OF AMERICA

vs.

**GETO DORLIZIER** and
**JOURMEL THOMAS,**

  **Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATION

1. At all times relevant to this indictment, a third party tax refund check was a check written by a financial institution to a taxpayer at or near the time the taxpayer filed his or her tax return. The check was written for the amount of the taxpayer's tax refund, reduced by a processing fee and, in some cases, the return preparer's preparation fee, which was redirected by the issuing financial institution directly to the preparer. The financial institution in turn received the amount of the tax refund from the United States Treasury. Upon authorization from the issuing financial institution, return preparers had the ability to issue third party tax refund checks directly to their clients.

## COUNT 1
### Conspiracy to Steal, Receive, and Retain Money and Things of Value of the United States and to Forge Endorsements on and Cash Treasury Checks
### 18 U.S.C. § 371

1. The General Allegation section of this indictment is realleged and incorporated by reference as if fully set forth herein.

2. Beginning at least as early as April 24, 2013, the exact date being unknown to the Grand Jury, and continuing through on or about June 5, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GETO DORLIZIER and  
JOURMEL THOMAS,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and persons known and unknown to the Grand Jury to commit offenses against the United States, that is,

    a. to steal, purloin, and knowingly convert to their own use and the use of others money and things of value of the United States and of a department and agency thereof, the aggregate value of which exceeded $1,000, in violation of Title 18, United States Code, Section 641,

    b. to receive and retain things of value of the United States and of a department and agency thereof, the aggregate value of which exceeded $1,000, with the intent to convert them to their own use and gain, knowing the checks to have been stolen, purloined, and converted, in violation of Title 18, United States Code, Section 641,

    c. to falsely make and forge endorsements on United States Treasury checks, in violation of Title 18, United States Code, Section 510(a)(1), and

    d. to pass, utter, and publish United States Treasury checks, bearing falsely made and forged endorsements, the aggregate face value of which exceeded $1,000, in violation of

2

Title 18, United States Code, Section 510(a)(2).

## Purpose of the Conspiracy

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by cashing fraudulently obtained United States Treasury checks and third party tax refund checks.

## Manner and Means of the Conspiracy

4. The conspirators obtained United States Treasury checks and third party tax refund checks in the names of other people to which they were not entitled, including through the filing of fraudulent Federal tax returns in the names of other people, without those people's knowledge or consent.

5. The conspirators forged the payees' signatures as endorsements on the checks.

6. The conspirators created fraudulent Florida driver's licenses in the names of the payees on the checks.

7. The conspirators sought to cash the checks using the services of a cooperating individual and undercover FBI agents, whom the conspirators believed would pay the conspirators a portion of the proceeds of the offense.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, the conspirators committed and caused to be committed, in the Southern District of Florida, the following overt acts, among others:

8. On or about April 30, 2013, **JOURMEL THOMAS**, during a telephone conversation with an undercover FBI agent, told the agent that **THOMAS** wanted the agent to cash tax refund checks.

9. On or about May 2, 2013, **GETO DORLIZIER** and **JOURMEL THOMAS**, during a meeting with two undercover FBI agents, told the agents that they wanted the agents to cash tax refund checks.

10. On or about May 7, 2013, **JOURMEL THOMAS** accepted from an undercover FBI agent identifying information of two purported individuals and agreed to file fraudulent tax returns on behalf of these purported individuals and to share the refunds obtained from these returns with the agent.

11. On or about May 7, 2013, **JOURMEL THOMAS** gave an undercover FBI agent four United States Treasury checks with an aggregate value of approximately $11,880, three third party tax refund checks with an aggregate value of approximately $1,412, and copies of purported Florida driver's licenses for the payees on six of the checks.

12. On or about May 7, 2013, **JOURMEL THOMAS** forged endorsements on the backs of the three third party tax refund checks described in the previous paragraph in the names of the payees on those checks.

13. On or about May 9, 2013, **JOURMEL THOMAS** gave an undercover FBI agent a third party tax refund check with a value of approximately $1,366.05 and a copy of a purported Florida driver's license for the payee on one of the United States Treasury checks described in paragraph 11.

14. On or about May 10, 2013, **JOURMEL THOMAS** gave an undercover FBI agent a copy of a purported Florida driver's license for the payee on the third party tax refund checks described in paragraph 13.

4

15. On or about May 13, 2013, **GETO DORLIZIER** submitted a false and fraudulent tax return to the United States Department of the Treasury, in the name of and using the social security number of one of the purported individuals described in paragraph 10.

16. On or about May 15, 2013, **GETO DORLIZIER** gave two undercover FBI agents seven United States Treasury checks. Six of those checks had an aggregate value of approximately $37,746. The seventh check was originally issued with a value of approximately $1,366 and subsequently altered such that its purported value was approximately $38,866. **DORLIZIER** also gave the agents copies of purported Florida driver's licenses in the names of the payees on five of the United States Treasury checks, including the altered check.

17. On or about May 17, 2013, **GETO DORLIZIER** gave two undercover FBI agents nine United States Treasury checks with an aggregate value of approximately $9,610 and one third party tax refund check with a value of approximately $5,746 and a copy of a purported Florida driver's license and a purported social security card in the name of the payee on the third party tax refund check.

18. On or about May 17, 2013, after two undercover FBI agents returned the checks and copies of purported licenses described in paragraph 16 to **GETO DORLIZIER**, **DORLIZIER** forged and caused conspirators to forge endorsements on the backs of six of the checks described in paragraph 16 and the checks described in paragraph 17 and caused other conspirators to sign the copies of the purported licenses described in paragraph 16.

19. On or about May 20, 2013, **GETO DORLIZIER** gave an undercover FBI agent copies of purported Florida driver's licenses in the names of the payees on eight of the United States Treasury checks described in paragraph 17.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-6
### Receipt and Retention of Things of Value of the United States
### 18 U.S.C. § 641

Beginning no earlier than the approximate dates of issue indicated as to each count below, the exact dates being unknown to the Grand Jury, and continuing through on or about the dates of distribution indicated below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GETO DORLIZIER and
JOURMEL THOMAS,**

did knowingly receive and retain things of value of the United States, that is, the indicated United States Treasury checks, the aggregate value of which exceeded $1,000, with the intent to convert them to their own use and gain, knowing the checks to have been stolen, purloined, and converted.

| Count | Date Check Issued | Date Check Distributed | Check Number | Approximate Value |
|---|---|---|---|---|
| 2 | April 19, 2013 | May 7, 2013 | 315860364913 | $4,835 |
| 3 | April 24, 2013 | May 15, 2013 | 315861894148 | $8,827 |
| 4 | May 2, 2013 | May 15, 2013 | 315864864746 | $12,560 |
| 5 | August 6, 2012 | May 17, 2013 | 315837927359 | $1,575 |
| 6 | December 31, 2012 | May 17, 2013 | 315842491773 | $482 |

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNTS 7-9
### Aggravated Identity Theft
### 18 U.S.C. § 1028A(a)(1)

On or about the dates indicated as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GETO DORLIZIER and
JOURMEL THOMAS,**

during and in relation to felony violations, that is, receipt and retention of things of value of the United States, as charged in the indicated predicate counts, did knowingly possess and use,

6

without lawful authority, means of identification of other persons, that is, the names of the indicated persons, printed on copies of purported Florida driver's licenses.

| Count | Date | Initials of person | Predicate Count |
|---|---|---|---|
| 7 | May 7, 2013 | LL | 2 |
| 8 | May 15, 2013 | CI | 3 |
| 9 | May 15, 2013 | WA | 4 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2

## COUNT 10
**Forging Endorsements on Treasury Checks**
**18 U.S.C. § 510(a)(1)**

On or about May 17, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GETO DORLIZIER and**
**JOURMEL THOMAS,**

did knowingly and falsely make and forge endorsements on the fifteen indicated United States Treasury checks, the aggregate value of which exceeded $1,000, with intent to defraud.

| Check Number | Approximate Value | Note |
|---|---|---|
| 315861894148 | $8,827 | |
| 315865420148 | $810 | |
| 315858274296 | $38,866 | originally issued with a value of approximately $1,366 and subsequently altered |
| 315861172251 | $1,030 | |
| 315863341926 | $4,551 | |
| 315864864746 | $12,560 | |
| 315155335145 | $430 | |
| 315840290553 | $1,451 | |
| 315842177207 | $1,685 | |
| 315837927359 | $1,575 | |
| 315842491773 | $482 | |
| 315842177259 | $870 | |
| 315838363575 | $1,274 | |
| 315837938393 | $1,489 | |
| 205937458279 | $352 | |

7

In violation of Title 18, United States Code, Sections 510(a)(1) and 2

### COUNT 11
### False, Fictitious and Fraudulent Claim
### 18 U.S.C. § 287

On or about January 17, 2012, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GETO DORLIZIER,**

did make and present to a department and agency of the United States, that is, the Department of the Treasury, a claim upon and against the United States and said department and agency, that is, a tax return in the name of J.H., assigned DLN 30221417587452, seeking a refund of $2,242, knowing such claim to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Sections 287 and 2.

### COUNT 12
### False, Fictitious and Fraudulent Claim
### 18 U.S.C. § 287

On or about May 13, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**GETO DORLIZIER and**
**JOURMEL THOMAS,**

did make and present to a department and agency of the United States, that is, the Department of the Treasury, a claim upon and against the United States and said department and agency, that is, a tax return in the name of the fictitious individual David J. Kelley, assigned DLN 30221533053133, seeking a refund of $1,675, knowing such claim to be false, fictitious, and fraudulent, in violation of Title 18, United States Code, Sections 287 and 2.

## CRIMINAL FORFEITURE

1.  The allegations of Counts 1 through 6 and 10 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.  Upon conviction of any of the offenses alleged in Counts 1 through 6 or 10 of this Indictment, the defendants, **GETO DORLIZIER** and **JOURMEL THOMAS**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(l)(C), any property constituting, or derived from, any proceeds that the defendant obtained, directly or indirectly, as the result of such violation.

3.  The property subject to forfeiture includes, but is not limited to the sum of $29,800, which constitutes the gross proceeds the defendant derived from the offenses alleged in this Indictment, which sum may be sought as a money judgment.

All pursuant to the provisions of Title 18, United States Code, Section 981(a)(l)(C), as made applicable by Title 28, United States Code, Section 2461(c); and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

GETO DORLIZIER and
JOURMEL THOMAS
        Defendant.
_____/

CASE NO. 13-80143-CR-Ryskamp/Hopkins

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

- ___ Miami
- ___ FTL
- ___ Key West
- _X_ WPB
- ___ FTP

New Defendant(s)  Yes ___  No _X_
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)  _No_
   List language and/or dialect

4. This case will take  _5-7_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    ___
   - II   6 to 10 days   _X_
   - III  11 to 20 days  ___
   - IV   21 to 60 days  ___
   - V    61 days and over ___

   (Check only one)
   - Petty    ___
   - Minor    ___
   - Misdem.  ___
   - Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  _Yes_
   If yes:
   Magistrate Case No.  13-8277-JMH
   Related Miscellaneous numbers:  None
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  _X_ No

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500796

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __GETO DORLIZIER__
Case No: __13-80143-CR-RYSKAMP/HOPKINS__

Count #: 1

Conspiracy to Steal, Receive, and Retain Money and Things of Value of the United States and to Forge Endorsements on and Cash Treasury Checks
  Title 18, United States Code, Section 371

* **Max.Penalty**:  5 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Counts #: 2-6

Receipt and Retention of Things of Value of the United States
  Title 18, United States Code, Section 641

* **Max.Penalty**:  10 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Counts #: 7-9

Aggravated Identity Theft

  Title 18, United States Code, Section 1028A(a)(1)

* **Max.Penalty**:  2 years' mandatory incarceration consecutive to all other offenses, $250,000 fine, 1 year's supervised release

Count #: 10

  Forging Endorsements on Treasury Checks

  Title 18, United States Code, Section 510(a)(1)
* **Max.Penalty**:  10 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Count #: 11-12

  False, Fictitious and Fraudulent Claim

  Title 18, United States Code, Section 287
* **Max.Penalty**:  5 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant's Name: **JOURMEL THOMAS**

Case No: **13-80143-CR- BUSKAMP/HOPKINS**

Count #: 1

Conspiracy to Steal, Receive, and Retain Money and Things of Value of the United States and to Forge Endorsements on and Cash Treasury Checks
  Title 18, United States Code, Section 371

* **Max.Penalty**:   5 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Counts #: 2-6

Receipt and Retention of Things of Value of the United States
  Title 18, United States Code, Section 641

* **Max.Penalty**:   10 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Counts #: 7-9

Aggravated Identity Theft

  Title 18, United States Code, Section 1028A(a)(1)

* **Max.Penalty**:   2 years' mandatory incarceration consecutive to all other offeses, $250,000 fine, 1 year's supervised release

Count #: 10

  Forging Endorsements on Treasury Checks

  Title 18, United States Code, Section 510(a)(1)
* **Max.Penalty**:   10 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution

Count #: 12

  False, Fictitious and Fraudulent Claim

  Title 18, United States Code, Section 287
* **Max.Penalty**:   5 Years' incarceration, $250,000 fine, 3 years' supervised release, restitution